Silder Isaias Zuniga RAMOS, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 11–71999.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2015.*

Filed Feb. 6, 2015.

Jose A. Bracamonte, Law Offices of Jose A. Bracamonte, P.C., Phoenix, AZ, for Petitioner.

OIL, David H. Wetmore, Virginia Lum, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Stephen Joseph Murphy III, District Judge for the U.S. District Court for

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY, District Judge.**

### ORDER ***

Petitioner, Silder Isaias Zuniga Ramos contends he is eligible for Special Rule Cancellation for one of two reasons: (1) he indeed "filed" an asylum application before April 1, 1990; and (2) he is an *ABC* class member that demonstrated an "intent" to register by his 1988 and 1993 asylum applications. *See American Baptist Churches v. Thornburgh ("ABC"),* 760 F.Supp. 796 (N.D.Cal.1991). "IIRIRA expressly precludes federal courts from reviewing the agency's factual determination that an immigrant is ineligible for *ABC* benefits [ ] or special rule cancellation of removal under NACARA § 203." *Ixcot v. Holder,* 646 F.3d 1202, 1213–14 (9th Cir. 2011). "Section 309(c)(5)(C)(ii) [of IIRIRA] provides that '[a] determination by the Attorney General as to whether an alien satisfies the requirements of clause (i) is final and shall not be subject to review by any court.' Therefore, we lack jurisdiction to determine [petitioner's] statutory eligibility for NACARA § 203 relief." *Lanuza v. Holder,* 597 F.3d 970, 971 (9th Cir.2010) (per curiam) (citation omitted).

### DISMISSED.

the Eastern District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.